IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FRIENDS OF THE EUDORA PUBLIC
SCHOOL DISTRICT, ET AL.                                                                    PLAINTIFFS

v.                                         No. 5:06CV00044 SWW

MIKE BEEBE, in his official
capacity, ET AL.                                                                              DEFENDANTS

## ORDER

On February 24, 2006, Plaintiffs[1] filed a petition for declaratory judgment, temporary and permanent injunctive relief; stay of execution of further implementation of all state annexation or consolidation authority; or, alternatively, temporary restraining order; compensatory relief where appropriate; and other specific or non-specific relief as the Court deems proper. The action stems from the State Board of Education's February 13, 2006, decision to consolidate the Eudora School District with the Lakeside School District of Chicot County, Arkansas.[2] Plaintiffs contend that the

---

[1] Plaintiffs are "residents of the Eudora School District of Chicot County, Arkansas and are either (a) taxpayers without children or wards actually going to school in the Eudora School District; (b) taxpayers with children or wards attending school in the Eudora School District; (c) patrons of the Eudora School District; (d) parents of children attending the Eudora School District No. 25 of Chicot County, Arkansas; (e) duly elected board members(s) of Eudora School District No. 25, Inc. Chicot County." Complaint, ¶4 (docket no. 1).

[2] Under Ark. Code Ann. § 6-13-1410, Plaintiffs could appeal the decision of the State Board of Education to the Pulaski County Circuit Court pursuant to the Arkansas Administrative Procedure Act, Ark. Code Ann. § 25-15-201 *et seq*. There is no indication that Plaintiffs appealed the decision.

consolidation of the school districts is based on impermissible racial considerations, and violates their constitutional and statutory rights.

On September 1, 2006, the Court[3] abstained from further action in the case and administratively terminated this action, pending the completion of proceedings in the *Lake View* case before the Arkansas Supreme Court.[4]  The Court retained jurisdiction and stated that the

---

[3]This case was originally assigned to the Honorable George Howard, Jr., who died on April 21, 2007.  The case was reassigned to the undersigned on July 2, 2007.

[4]*Lake View Sch. Dist. No. 25 of Phillips County, Arkansas  v. Huckabee*, 364 Ark. 398 (2005).   The *Lake View* litigation has a long history, beginning when Lake View filed suit against the State of Arkansas on August 19, 1992, contesting the constitutionality of the public school funding system under both the United States Constitution and the Arkansas Constitution.
 The case was tried before the Pulaski County chancery court in September, 2004.  The chancery court entered an order on November 9, 1994, concluding *inter alia* that the Arkansas school funding system violated the constitutional guarantees of equal protection and of a general, suitable and efficient system of free public schools under the Arkansas Constitution.  The chancery court stayed the effect of its decision for two years to give the Arkansas General Assembly time to implement a constitutional system in conformity with the court's decision.
 In 1995, the Arkansas General Assembly passed three acts in an attempt to comply with the 1994 Order.  Lake View filed an amended complaint, claiming that two of the acts were unconstitutional and requesting class certification of all generally affected persons in the state.  The chancery court, on August 22, 1996, "certified the class of all affected persons as all school districts in the state, students and parents of students in all school districts, school board members of all school districts, and school district taxpayers who have paid taxes to support the public school system."  *See Lake View Sch. Dist. No. 25 of Phillips County, Arkansas  v. Huckabee*, 340 Ark. 481, 486 (2000).   The Arkansas General Assembly passed two more acts in 1997, which Lake View contested in another amended complaint.
 In 1998, Lake View and the State attempted to settle the lawsuit.  The chancery court declined to approve the settlement, dismissed Lake View's amended complaint finding that the 1995 and 1997 legislative acts were presumed constitutional, and denied attorneys' fees to Lake View's counsel.  Lake View appealed the 1998 dismissal order to the Arkansas Supreme Court, which reversed and remanded for the chancery court to hold a compliance trial and for an award of attorneys' fees. *Lake View Sch. Dist. No. 25 of Phillips County, Arkansas v. Huckabee*, 340 Ark. 481 (2000) (reciting history of litigation until 2000).
 On remand, the chancery court found that the school-funding system violated the Arkansas Constitution and awarded attorneys' fees to Plaintiffs' counsel.  The parties appealed to the Arkansas Supreme Court which affirmed in part and reversed in part.  The court found, *inter alia*, that public school funding was inadequate and that substantially equal educational

Plaintiffs would have thirty days after conclusion of the Arkansas Supreme Court proceedings to file a motion to reopen.[5]

---

opportunity was not being afforded to Arkansas students. The court concluded that the school funding system violated Arkansas Constitution. The court stayed issuance of the mandate until January 1, 2004, to give the General Assembly time to bring the system into constitutional compliance. *Lake View Sch. Dist. No. 25 of Phillips County, Arkansas v. Huckabee*, 351 Ark. 31 (2002).

On January 22, 2004, the Arkansas Supreme Court recalled the mandate issued on January 1, 2004, and reestablished jurisdiction over the case. *Lake View Sch. District No. 25 of Phillips County, Arkansas v. Huckabee*, 355 Ark. 617 (2004). The court appointed two special masters to advise the court regarding the State's compliance with the November 21, 2002 order. *See Lake View Sch. Dist. No. 25 of Phillips County, Arkansas v. Huckabee*, 356 Ark. 1 (2004). On June 18, 2004, the Arkansas Supreme Court reviewed the Masters' report, and although it recognized that not full constitutional compliance had been achieved, it released jurisdiction of the case and issued the mandate. *Lake View Sch. Dist. No. 20 of Phillips County, Arkansas v. Huckabee*, 358 Ark. 137 (2004).

Various school districts filed motions to recall the mandate and reappoint the special masters, alleging that the Arkansas General Assembly had failed to comply with the *Lake View* decisions in ensuring that a constitutional system of public education was provided. The Arkansas Supreme Court, on June 8, 2005, recalled the mandate and reappointed the special masters to determine whether there had been constitutional compliance. *Lake View Sch. Dist. No. 25 of Phillips County, Arkansas v. Huckabee*, 362 Ark. 520, (2005).

On December 15, 2005, after receiving the Masters' report, the Arkansas Supreme Court found that the public school funding system continued to be inadequate. It stayed issuance of the mandate until December 1, 2006, to allow time for the Arkansas General Assembly to correct the constitutional deficiencies. *Lake View Sch. Dist. No. 25 of Phillips County, Arkansas v. Huckabee*, 364 Ark. 398 (2005).

On November 30, 2006, pursuant to a motion by several school districts, the Arkansas Supreme Court deferred issuance of the mandate for 180 days and reappointed the special masters to evaluate whether the General Assembly and the Arkansas Department of Education had cured the constitutional deficiencies found in the December 15, 2005, order. *Lake View Sch. Dist. No. 25 of Phillips County, Arkansas v. Huckabee*, 368 Ark. 231 (2006).

On May 31, 2007, the Arkansas Supreme Court found that system of public-school financing to be in constitutional compliance and issued the mandate. *Lake View Sch. Dist. No. 25 of Phillips County, Arkansas v. Huckabee*, No. 01-836, 2007 WL 1560547 (Ark. May 31, 2007).

[5]Docket No. 32.

At the time the case was administratively terminated, Defendants' motions to dismiss were pending.[6] In their motions, Defendants asserted that Plaintiffs' claims were barred by sovereign immunity, that certain claims presented no justiciable case or controversy, that Plaintiffs lacked standing as to alleged violations of the Voting Rights Act, and that Plaintiffs failed to state a claim for relief.

On May 31, 2007, the Arkansas Supreme Court issued its final decision in the *Lake View* case. *Lake View Sch. Dist. No. 25 of Phillips County, Arkansas v. Huckabee*, No. 01-836, 2007 WL 1560547 (Ark. May 31, 2007). The court found the public school financing system to be in constitutional compliance. *Id*. at 5. On June 9, 2007, Plaintiffs filed a motion for a Rule 16 status hearing, motion for trial schedule and discovery cut-off, and motion for other relief.[7] The Court will construe the motion as a motion to reopen.

Defendants have not responded to the motion. They seek to renew their motions to dismiss. At the time Defendants filed their motions to dismiss, they did not raise the effect of the state court proceedings.

The Court is guided by a recent decision in a similar case, *Friends of the Lake View Sch Dist. Inc. v. Huckabee*, 2:04CV00184WRW. In *Friends of Lake View,* the plaintiffs alleged that the consolidation of the former Lake View school district into the Barton-Lexa school district violated the Arkansas and United States Constitutions, the Voting Rights Act, and the Arkansas Civil Rights Act. The court administratively terminated the case in September, 2005, pending the conclusion of

---

[6]The Lakeside School District and Vaught adopted the State defendants' motion and argument.

[7]The June 29, 2007 motion is docketed as docket entry no. 34. On July 9, 2007, Plaintiffs filed the same motion, which is docketed as docket entry no. 39.

the proceedings before the Arkansas Supreme Court. At the time of the termination, the defendants' motion to dismiss was pending. As in the case at bar, the plaintiffs in *Friends of Lake View* filed a motion to reopen after the Arkansas Supreme Court issued its final decision in May 2007.

In their motion to dismiss, in addition to the same arguments as those raised in the case at bar, the State defendants in *Friends of Lake View* asserted that the court lacked subject matter jurisdiction because the claims were barred by either the Rooker-Feldman doctrine or principles of res judicata and collateral estoppel. [8] Judge Wilson reopened the case for the limited purpose of determining subject-matter jurisdiction and claim preclusion under the Full Faith and Credit Statute.[9]

Plaintiffs in this action are part of the class certified in the *Lake View* case. The effect of the *Lake View* state court proceedings should be addressed. *See Long v. Area Manager, Bureau of Reclamation,* 236 F. 3d 910, 916 (8th Cir. 2001) (question of subject matter jurisdiction may be raised *sua sponte* at any time). The state court rulings may very well affect whether the Court has subject-matter jurisdiction. *See Skit Int'l, Ltd. v. DAC Technologies of Arkansas, Inc.*, 487 F. 3d 1154, 1156 (8th Cir. 2007) (Rooker-Feldman doctrine prohibits federal court from exercising appellate review of state court judgment).

The Court is of the opinion that the original motions to dismiss should be denied without prejudice. Defendants may file a new motion to dismiss within twenty days of this Order which addresses, in addition to any other arguments, the effect of the state court proceedings on this litigation.

---

[8] *See* 2:04CV00184WRW, docket no. 8, at pg. 15.

[9] *Id*., docket no. 70, at p. 6.

Accordingly, Plaintiffs' motions for a Rule 16 status hearing, motion for trial schedule and discovery cut-off, and motion for other relief (docket nos. 34 and 39) are granted only to the extent that the case is reopened; in all other respects they are denied without prejudice.  The motions to dismiss (docket nos. 11, 13, and 14) are denied without prejudice.  The motions to renew the motion to dismiss (docket nos. 40 and 42) are denied.

IT IS SO ORDERED this 31st day of October, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE